UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COUNTER BRANDS, LLC, a Delaware limited liability company,<br><br>                 Plaintiff,<br><br>   v.<br><br>VURE, LLC, a New York limited liability company,<br><br>               Defendant. | 18 Civ. 8860<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Counter Brands, LLC ("Counter Brands"), for its Complaint against Defendant Vure, LLC ("Defendant"), alleges, with knowledge concerning its own acts and on information and belief as to all other matters (unless otherwise specifically stated), as follows:

## Nature of Action

1. Counter Brands manufactures, markets, and sells high-end skin and body care products for women, men, and children under the NUDE trademark and logo (collectively, the "NUDE Marks"). As a result of the healthy, natural, and high quality nature of its NUDE products, Counter Brands and its predecessors in interest have developed an outstanding, and hard-earned, reputation in the luxury skincare market, as well as an extremely loyal customer base, and consumers have come to recognize and rely upon the NUDE Marks to distinguish these products. Accordingly, Counter Brands has developed and maintained strong common law rights in the NUDE Marks, and Counter Brands owns broad intellectual property rights in these marks, including incontestable U.S. federal registrations.

2. Defendant markets and sells purportedly "all-natural nutritional supplements" under the NÜD mark. Given the similarities between the NÜD mark and NUDE Marks, consumers encountering these marks may believe that Defendant's activities are related to or endorsed by Counter Brands, which they are not.

3. Accordingly, Counter Brands brings this complaint against Defendant for federal trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, et seq., and common law trademark infringement and unfair competition under New York law.

## The Parties

4. Counter Brands is a Delaware limited liability company with its principal place of

business at 1733 Ocean Avenue, Santa Monica, California 90401. Counter Brands is the assignee of the NUDE Marks, and acquired all rights in these marks in 2016.

5. Defendant is a New York limited liability company with its principal place of business at 17 Willow Road, Monsey, New York 10952.

## Jurisdiction and Venue

6. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over Counter Brands' claims for violation of the Lanham Act. Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over Counter Brands' state law claims because the claims are joined with substantial and related claims under the Lanham Act. This Court also has supplemental jurisdiction over Counter Brands' state law claims pursuant to 28 U.S.C. § 1367(a) because all of Counter Brands' claims arise out of a common nucleus of operative facts.

7. This Court has personal jurisdiction over Defendant because Defendant resides within this District. Further, Defendant has conducted substantial business in the State of New York and attempted to derive financial benefits from residents of the State of New York, including by marketing and selling its products to residents of the State of New York and otherwise placing infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of New York, including within this District.

8. Venue in this Court exists under 28 U.S.C. §§ 1391(b)(2) because Defendant transacts business within this District, has marketed and sold products that infringe Counter Brands' intellectual property rights in this District, and a substantial part of the events giving rise to Counter Brands' claims occurred in this District.

**Facts Common to All Claims for Relief**

*Counter Brands' Intellectual Property Rights*

9. Counter Brands was founded in 2011 with a mission to improve transparency and accountability in the beauty industry through safer skincare and cleaner cosmetics. To further this mission, in 2016, Counter Brands acquired the NUDE Marks and all associated intellectual property rights.

10. The NUDE brand was created in 2007 by Ali Hewson (wife of famed U2 frontman Bono) and Bryan Meehan. The company was rooted in socially conscious behavior with an emphasis on providing healthy, natural skincare products. The company's innovative NUDE products were born out of the desire to bring high performance, nutrition-based skincare products and ethical business practices to the beauty industry. They quickly developed a thriving business in the otherwise crowded beauty industry, and the NUDE products earned an exceptional reputation in the luxury skincare market, as well as a loyal and large customer base.

11. Counter Brands' efforts, along with the efforts of its predecessors-in-interest, have resulted in broad intellectual property protection for its valuable NUDE brand for a wide array of beauty products and retail services, and Counter Brands owns incontestable federal registrations for the NUDE Marks.

12. Since at least as early as 2007, Counter Brands and its predecessors-in-interest have developed and used the NUDE Marks on or in connection with natural beauty products and related goods and services. The NUDE Marks are synonymous with high performance, luxury, natural and high quality goods and services.

13. Indeed, Counter Brands is the owner of a number of U.S. and international trademark registrations for the NUDE Marks. For example, Counter Brands owns the

incontestable U.S. Federal Trademark Registration No. 3,476,728 for the NUDE mark in connection with skincare and cosmetics in Classes 3 and 35.  The registration issued on July 29, 2008.  Counter Brands also owns the incontestable U.S. Federal Trademark Registration No. 3,441,037 for the NUDE logo in Classes 3 and 35.  The registration issued on June 3, 2008.  These registrations are collectively referred to as the "NUDE Registrations."

14. Since the adoption and first use of the NUDE Marks, Counter Brands, and its predecessors-in-interest, have marketed and promoted products bearing the NUDE Marks throughout the United States and internationally, and offered related services.

15. Counter Brands and its predecessors-in-interest have spent substantial time, money, and effort advertising, promoting, and providing these products and services to consumers under the NUDE Marks, thereby developing a valuable reputation and goodwill in these marks, as well as strong common law rights.

*Defendant's Infringing Activities*

16. Defendant markets and sells "all-natural" dietary supplements under the confusingly similar NÜD trademark.  Defendant's *www.nudtrition.com* website touts that NÜD products provide the "bare essentials for healthy living" that will help consumers achieve "fitness" and "beauty" goals.

17. Defendant also offers a series of vitamins and supplements related to consumer health and beauty, including a product called "BARE BEAUTY."  The BARE BEAUTY line of supplements is advertised as improving "healthy locks, strong nails, and a vibrant complexion…for a better looking – and better feeling – you!"

18. Defendant's products prominently display the confusingly similar NÜD mark and are often advertised next to beauty/personal care products, further highlighting the risk of

confusion, as shown below:

 

19. Defendant's use of the NÜD mark on similar products within Counter Brands' clearly-established beauty care market is an unfair and illegal attempt to ride on the coattails of the goodwill and reputation associated with the NUDE Marks and Counter Brands.

20. On March 6, 2014, Defendant filed an intent-to-use application for the NÜD mark (Serial No. 86/213175) with the U.S. Patent and Trademark Office ("USPTO") for dietary food supplements, herbal supplements, and vitamins in Class 5. Thereafter, Defendant filed a Statement of Use for the NÜD mark, claiming a first-use date of April 1, 2016, and it eventually obtained a registration (No. 5,129,390) for this mark (the "NÜD Registration").

21. Counter Brands has filed a Petition for Cancellation against the NÜD Registration with the USPTO because the NÜD mark is confusingly similar to the NUDE Marks and violates Counter Brands' rights.

### *Counter Brands is Suffering Harm from Defendant's Continuing Infringement and Unlawful Conduct*

22. Due to Counter Brands' renown and consumers' recognition of the NUDE Marks, and given Defendant's use of the NÜD mark in connection with products that are highly similar

to products offered under the NUDE Marks (*i.e.*, products designed to improve health and beauty), consumers will likely suffer confusion and mistakenly believe that Defendant and its goods are endorsed, approved, or sponsored by, or affiliated, connected, or associated with Counter Brands. Defendant will thus enjoy the benefits of Counter Brands' reputation and goodwill based on this consumer confusion, all to Counter Brands' detriment.

23. Defendant's use of the NÜD mark in commerce violates Counter Brands' valuable intellectual property rights in the NUDE Marks, and this knowing, intentional, and willful infringement is damaging Counter Brands.

24. Because of Defendant's continuing willful infringement and unlawful conduct, Counter Brands is now forced to bring this Complaint to protect its valuable intellectual property rights. Counter Brands has retained counsel and incurred attorneys' fees and costs (and it continues to incur those fees and costs) to prosecute this lawsuit and pursue its claims.

25. Counter Brands' interests in protecting its intellectual property rights and product from consumer confusion outweigh any harm to Defendant. The public interest is best served by granting Counter Brands' requested relief against Defendant.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement – 15 U.S.C. § 1114

26. Counter Brands incorporates by reference the factual allegations set forth above.

27. Counter Brands is the owner of all rights, title, and interest in and to the NUDE Registrations, including the right to sue for and recover all past, present, and future damages for infringement of the rights conferred by the NUDE Registrations.

28. The marks reflected in the NUDE Registrations are strong and distinctive, designating Counter Brands as the source of all products and services advertised, marketed, sold,

or used in connection with the NUDE Marks.

29. As described above, Defendant has used and continues to use in commerce the NÜD mark with beauty supplements that are similar to the products offered under and associated with Counter Brands' NUDE Marks and NUDE Registrations.

30. Counter Brands is the senior user of the NUDE Marks as it began use of the marks in interstate commerce prior to Defendant's first use of the NÜD mark.

31. Defendant does not have authorization, license, or permission from Counter Brands to advertise, market, and sell its products under the NÜD mark, which is confusingly similar to the NUDE Marks.

32. Defendant was aware of the NUDE Marks and NUDE Registrations as it was on constructive notice based on Counter Brands' federal registrations, as well as on actual notice based on the strong success of NUDE branded products. Thus, Defendant's unauthorized use of the confusingly similar NÜD mark was and is knowing, intentional, and willful.

33. Defendant's use of the NÜD mark is likely to cause confusion or mistake, or to deceive as to the source, origin, affiliation or sponsorship of Defendant's products.

34. As a direct and proximate result of Defendant's wrongful conduct, Counter Brands has been and will continue to be damaged.

35. Defendant's actions thus constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114.

36. Unless an injunction is issued enjoining any continuing or future use of the NÜD mark by Defendant, such continuing or future use is likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or sponsorship, and will thereby irreparably damage Counter Brands.

37. Defendant's activities have caused and will continue to cause irreparable harm to Counter Brands, for which it has no adequate remedy at law, in that: (a) the NUDE Marks and NUDE Registrations comprise unique and valuable property rights that have no readily determinable market value; (b) Defendant's infringement interferes with Counter Brands' goodwill and customer relationships and will substantially harm Counter Brands' reputation as a source of high-quality products; and (c) Defendant's wrongful conduct, and the damages resulting to Counter Brands, are continuing. Accordingly, Counter Brands is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

38. Pursuant to 15 U.S.C. § 1117(a), Counter Brands is entitled to an order: (a) requiring Defendant to account to Counter Brands for any and all profits it derived from its actions, to be increased in accordance with the applicable provisions of law; and (b) awarding all damages sustained by Counter Brands that were caused by Defendant's conduct.

39. Defendant's conduct was intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Counter Brands is therefore entitled to an award of enhanced damages against Defendant.

40. Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a); thus Counter Brands is entitled to an award of attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**

**Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)**

41. Counter Brands incorporates by reference the factual allegations set forth above.

42. The NUDE Marks are strong and distinctive and designate Counter Brands as the source of all goods and services advertised, marketed, sold, or used in connection with the NUDE Marks.

43. Counter Brands is the senior user of the NUDE Marks as it began use of these marks in interstate commerce prior to Defendant's first use of the NÜD mark.

44. Defendant was aware of the NUDE Marks and NUDE Registrations as it was on constructive notice based on Counter Brands' federal registrations, as well as on actual notice based on the strong success of NUDE branded products. Thus, Defendant's unauthorized use of the confusingly similar NÜD mark was and is knowing, intentional, and willful.

45. Through its use of the confusingly similar NÜD mark, Defendant intended to, and did in fact, confuse and mislead consumers into believing, and misrepresented and created the false impression, that Counter Brands somehow authorized, originated, sponsored, approved, licensed, or participated in Defendant's use of the confusingly similar NÜD mark.

46. In fact, there is no connection, association, or licensing relationship between Counter Brands and Defendant, nor has Counter Brands ever authorized, licensed, or given permission to Defendant to use the NUDE Marks in any manner.

47. Defendant's use of the NÜD mark will likely cause confusion as to the origin and authenticity of Defendant's products and will likely cause others to believe that there is a relationship between Defendant and Counter Brands, when there is not.

48. As a direct and proximate result of Defendant's wrongful conduct, Counter Brands has been and will continue to be damaged.

49. Defendant's actions thus constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a).

50. Unless an injunction is issued enjoining any continuing or future use of the NÜD mark, such continuing or future use is likely to continue to cause confusion, mistake or to deceive as to source, origin, affiliation or sponsorship, and thereby to irreparably damage

Counter Brands.

51. Defendant's activities have caused, and will continue to cause, irreparable harm to Counter Brands, for which it has no adequate remedy at law, in that: (a) the NUDE Marks and NUDE Registrations comprise unique and valuable property rights that have no readily determinable market value; (b) Defendant's infringement interferes with Counter Brands' goodwill and customer relationships and will substantially harm Counter Brands' reputation as a source of high-quality products; and (c) Defendant's wrongful conduct, and the damages resulting to Counter Brands, are continuing. Accordingly, Counter Brands is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

52. Pursuant to 15 U.S.C. §1117(a), Counter Brands is entitled to an order: (a) requiring Defendant to account to Counter Brands for any and all profits it derived from its actions, to be increased in accordance with the applicable provisions of law; and (b) awarding all damages sustained by Counter Brands that were caused by Defendant's conduct.

53. Defendant's conduct was intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Counter Brands is therefore entitled to an award of enhanced damages against Defendant.

54. Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a); thus Counter Brands is entitled to an award of attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

55. Counter Brands incorporates by reference the factual allegations set forth above.

56. Counter Brands has valid and protectable common law rights in the NUDE Marks.

57. Counter Brands is the senior user of the NUDE Marks.

58. Defendant's conduct, as described above, constitutes infringement of Counter Brands' common law rights in the NUDE Marks.

59. Defendant's use of the confusingly similar NÜD mark with unauthorized products that compete with products sold by Counter Brands is likely to cause confusion as to the origin of Defendant's products and is likely to cause others to believe that there is a relationship between Defendant and Counter Brands, when there is not.

60. Defendant's wrongful acts have permitted and will permit Defendant to receive substantial profits based upon the strength of Counter Brands' reputation and the substantial goodwill built up in the NUDE Marks.

61. As a direct and proximate result of Defendant's wrongful conduct, Counter Brands has been and will continue to be damaged.

62. Unless an injunction is issued enjoining any continuing or future use of the NÜD mark by Defendant, such use is likely to continue to cause confusion and thereby irreparably damage Counter Brands. Counter Brands has no adequate remedy at law and is thus entitled to such an injunction.

### FOURTH CLAIM FOR RELIEF

#### Common Law Unfair Competition

63. Counter Brands incorporates by reference the factual allegations set forth above.

64. Counter Brands has expended significant time and expense in developing the NUDE Marks and the high quality product and services it markets, offers, and sells under these mark. The NUDE Marks have been very successful and developed a substantial reputation and goodwill in the marketplace.

65. Through its wrongful conduct, Defendant has misappropriated Counter Brands'

efforts and is exploiting the NUDE Marks and Counter Brands' reputation to market and sell its competing products under the confusingly similar NÜD mark. These actions constitute unfair competition.

66. As a direct and proximate result of Defendant's wrongful conduct, Counter Brands has been and will continue to be damaged.

67. Unless an injunction is issued enjoining Defendant's unfairly competitive conduct, Counter Brands will continue to be damaged irreparably. Counter Brands has no adequate remedy at law. Accordingly, Counter Brands is entitled to an injunction.

68. Defendant has acted willfully, intentionally, and maliciously; therefore Counter Brands is entitled to an award of punitive damages.

## PRAYER

WHEREFORE, Counter Brands prays for the following relief:

A. An injunction ordering Defendant, and its principals, officers, directors, members, partners, agents, servants, employees, authorized representatives, and attorneys, and all other persons acting in concert or participating with them, who receive actual notice of the injunction order by personal or other service, to:

1. cease all use and never use the NÜD mark, or any other mark likely to cause confusion with the NUDE Marks, in connection with the promotion, advertising, offering for sale, or sale, of any products or services;

2. never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products/services offered, promoted, marketed, advertised, provided, or

      sold by Defendant are in any manner associated or connected with Counter Brands, or are licensed, approved, or authorized in any way by Counter Brands;

3. never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that Defendant, or any of its goods or services, are related to, or authorized or sponsored by, Counter Brands;

4. never register any domain name that contains any of the NUDE Marks or any misspelling or variation of those marks, or any domain name confusingly similar to any of the NUDE Marks;

5. transfer to Counter Brands all domain names in Defendant's possession, custody, or control that include the word "NUDE" or "NUD" or any misspelling or variation thereof, or are otherwise confusingly similar to or contain any of the NUDE Marks;

6. never unfairly compete with Counter Brands in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices that relate in any way to the distribution, marketing, sale, or use of products bearing the NÜD mark or the NUDE Marks; and

7. never apply or seek to register any mark that is likely to cause confusion with the NUDE Marks.

B. An order, pursuant to 15 U.S.C. § 1118, requiring Defendant to deliver and destroy within thirty days all advertising, packaging, goods, and other materials bearing the infringing NÜD mark.

C. An order, to give practical effect to the Court's injunction, requiring the Registry

or Registrar for any of the foregoing domain names to, within fourteen (14) days of receipt of the order, transfer or otherwise assign those subject domain names to Counter Brands if Defendant has not already done so.

      D.      An order, pursuant to 15 U.S.C. § 1116(a), requiring Defendant to, within thirty (30) days after the entry and service on Defendant of the injunction, file with this Court and serve upon Counter Brands' counsel a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

      E.      An order, pursuant to 15 U.S.C. §1119, directing the USPTO to cancel the NÜD Registration.

      F.      An order finding that Defendant has infringed Counter Brands' federally registered trademark in violation of 15 U.S.C. § 1114.

      G.      An order finding that Defendant has created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a).

      H.      An order finding that Defendant has engaged in common law trademark infringement.

      I.      An order finding that Defendant has engaged in common law unfair competition.

      J.      An order awarding Counter Brands damages as follows:

            1.      Counter Brands' actual damages, as well as all of Defendant's profits or gains of any kind from its acts of trademark infringement, false designation of origin, and unfair competition, including an enhancement of those damages, pursuant to 15 U.S.C. § 1117(a); and

            2.      Punitive damages pursuant to New York common law.

      K.      An order, pursuant to 15 U.S.C. § 1117(a), finding that this is an exceptional case

and awarding Counter Brands its reasonable attorneys' fees and all of its costs, disbursements, and other expenses incurred due to Defendant's unlawful conduct.

L. An order awarding Counter Brands pre-judgment interest.

M. An order awarding Counter Brands such other relief as the Court deems just and appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Counter Brands hereby demands a trial by jury.

Dated: September 27, 2018

Respectfully submitted,

By: /s/ Thomas J. Giblin
Thomas J. Giblin
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York  10022-4834
Tel:  (212) 906-1200
Fax: (212) 751-4864
*thomas.giblin@lw.com*

- and -

Jennifer L. Barry (*pro hac vice* to be filed)
Patrick C. Justman (*pro hac vice* to be filed)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA  92130
Tel:  (858) 523-5400
Fax: (858) 523-5450
*jennifer.barry@lw.com*
*patrick.justman@lw.com*

*Attorneys for Plaintiff*
*Counter Brands, LLC*